UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **STACY ALRED WEDDINGTON**   )<br>)<br>  **Plaintiff,**   )<br>)<br>**v.**   )<br>)<br>**KILOLO KIJAKAZI,**   )<br>*Acting Commissioner*   )<br>*of Social Security*,   )<br>)<br>  **Defendant.**   ) | Case No. 4:20-cv-780-LCB |

## **OPINION & ORDER**

Stacy Alred Weddington appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). She claims that the Commissioner erroneously denied her application for benefits and that the Court should remand this case for further administrative proceedings. (Doc. 17 at 1, 3). As explained below, Weddington has not shown any error in the Commissioner's decision or established that remand is appropriate. The Court therefore denies Weddington's motion for remand and affirms the Commissioner's decision below.

**I.    STATUTORY FRAMEWORK & STANDARD OF REVIEW**

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act,

an administrative law judge (ALJ) must evaluate an application for supplemental security income pursuant to a five-step inquiry:

> (1) Is the claimant engaged in substantial gainful activity?
> (2) Does the claimant have a severe impairment?
> (3) Does the claimant's impairment meet or medically equal a specific impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the claimant able to perform her former relevant work?
> (5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 416.920(a).[1] An ALJ reaches step four only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, is able to perform any other work within the national economy (step 5),[2] an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant can do despite her limitations based on the record as a whole. 20 C.F.R. § 416.945(a). A claimant is disabled if she can

---

[1] Throughout this opinion, the Court cites to and applies the regulations in effect at the time of the ALJ's decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) (per curiam) (explaining that, when reviewing the Commissioner's final decisions, federal courts apply "the regulations in effect at the time of the ALJ's decision").

[2] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

perform neither her former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

By contrast, a claimant is not disabled if she can perform her former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a claimant is not disabled, the claimant may request review of the ALJ's decision before the Social Security Appeals Council. 20 C.F.R. § 416.1468(a). If the Appeals Council denies review, the ALJ's decision becomes a final administrative decision of the Commissioner. 20 C.F.R. § 416.1481. A claimant may then seek judicial review of the Commissioner's decision in federal court under 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). A court reviews de novo the Commissioner's legal conclusions. *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020).

## II. FACTUAL & PROCEDURAL HISTORY

Stacy Weddington has a history of back pain. (Tr. at 227).[3] Between January 2017 and June 2018, Weddington underwent at least four MRIs of her lumbar spine. *Id.* at 381, 459–60, 469, 480. These tests showed that Weddington has broad-based disc bulges and various degrees of stenosis in her L2-L3, L3-L4, L4-L5, and L5-S1 vertebrae. *Id.* Based in part on her back pain, Weddington applied for supplemental security income in March 2017. *Id.* at 227. She alleged that she became disabled and unable to work on January 1, 2017. *Id.* at 95, 227. The Commissioner denied her application at the administrative level, and she requested and received an evidentiary hearing before an ALJ. *Id.* at 152.

In July 2019, the ALJ issued a written order evaluating Weddington's case pursuant to the five-step statutory framework. *Id.* at 54–65. At steps 1 and 2 respectively, the ALJ found that Weddington had not engaged in substantial gainful activity since January 1, 2017, and that she suffers from several severe impairments, including degenerative disc disease. *Id.* at 56.[4] The ALJ moved to step 3 and

---

[3] "Tr." consists of a consecutively paginated record of the administrative proceedings below and spans from ECF Doc. 11-1 to ECF Doc. 11-12. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

[4] The ALJ also found that Weddington suffers from dysfunction of major joints, anxiety, obsessive compulsive disorder, depression, bipolar disorder, "substance addiction disorder (drugs), personality disorder[,] and trauma stressor related disorder." (Tr. at 56).

concluded that none of Weddington's impairments meet or medically equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 57.

Before proceeding to step 4, the ALJ determined that Weddington has an RFC to perform "light work"—as defined by 20 C.F.R. § 416.967(b)[5]—with several exceptions. *Id.* at 58. For instance, the ALJ found that Weddington can occasionally climb, balance, stoop, kneel, and crouch, but that she can never crawl. *Id.* The ALJ further found that Weddington must avoid concentrated exposure to extreme temperatures, vibration, unprotected heights, unprotected moving mechanical parts, and dangerous moving machinery. *Id.* Still, the ALJ noted that Weddington can understand and carry out simple instructions at a slow pace, respond appropriately to gradual and infrequent changes in the workplace, and have occasional interaction with her supervisors and co-workers. *Id.*

After determining Weddington's RFC, the ALJ moved to step 4. *Id.* at 63. There, the ALJ found that Weddington is unable to perform any former relevant work. *Id.* The ALJ then moved to step 5 and considered whether Weddington can perform any other work within the national economy. *Id.* at 63–64. Answering that question in the affirmative, the ALJ determined that Weddington can work as a

---

[5] Under 20 C.F.R. § 416.967(b), light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." A job is considered "light work" when it requires "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

5

housekeeping cleaner, an office helper, or a small product assembler. *Id.* at 64. Accordingly, the ALJ concluded that Weddington is not disabled for purposes of the Social Security Act. *Id.*

In response, Weddington requested review before the Appeals Council and, in support, submitted three pieces of medical evidence not previously before the ALJ. *Id.* at 1, 21–24. First, Weddington submitted a report showing that, on July 30, 2019, the Marshall Medical Center conducted an MRI of Weddington's lumbar spine. *Id.* at 23. According to the report, the MRI revealed that Weddington has broad-based disc bulges and varying degrees of stenosis in her L2-L3, L3-L4, L4-L5, and L5-S1 vertebrae. *Id.* at 23–24.

Second, Weddington submitted a mental health source statement from Dr. Thomas Savage. *Id.* at 21. Third, Weddington submitted a physical capacities from also completed by Dr. Savage. *Id.* at 22. Both the statement and form consisted of roughly a dozen pre-written questions pertaining to Weddington's physical and mental limitations. *Id.* at 21–22. Dr. Savage completed the statement and form largely by circling "yes" or "no" to the prewritten questions. *Id.* Dr. Savage did not explain or justify any of his responses in the statement or form. *Id.*

Despite this additional evidence, the Appeals Council denied Weddington's request for review. *Id.* at 1. The Council explained that it considered the evidence from the Marshall Medical Center and Dr. Savage, but found that it "does not show

a reasonable probability" of changing the ALJ's decision. *Id.* at 2. The Council also notified Weddington of her right to bring suit in federal court under 42 U.S.C. § 405(g). *Id.* at 2–3. In response, Weddington filed this appeal in June 2020, arguing that the Appeals Council erroneously denied her request for review. (Doc. 1 at 1).

Over a year later, while her appeal remained pending, Weddington filed a separate motion to remand. (Doc. 17 at 1). In support of her motion, she submitted the evidence from the Marshall Medical Center and Dr. Savage along with a "benefits verification letter" that the Commissioner sent her on July 20, 2021. (Doc. 17-1 at 1; Doc. 17-2 at 1; Doc. 17-3 at 1; Doc. 17-4 at 1). The letter indicated that, after the Appeals Council denied her request for review, Weddington filed a new application for supplemental security income, this time alleging that she became disabled in June 2020. (Doc. 17-1 at 1–2). According to the letter, the Commissioner subsequently found that Weddington became disabled in June 2020 and that she is entitled to benefits as of July 2021. *Id.*

## III.   DISCUSSION

Weddington claims that the Commissioner erroneously denied her application for benefits and that the Court should remand this case for further administrative proceedings. (Doc. 17 at 1, 3). The text of 42 U.S.C. § 405(g) creates two types of remand. The fourth sentence of § 405(g)—i.e., sentence-four remand—applies when "the Commissioner erred in some respect in reaching" its decision. *Jackson v.*

7

*Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). The sixth sentence—i.e., sentence-six remand—applies when a claimant submits evidence for the first time in federal court that "might have changed the outcome" of the Commissioner's decision. *Polk v. Soc. Sec. Admin., Com'r*, 579 F. App'x 843, 845 n.1 (11th Cir. 2014) (per curiam). Here, Weddington argues that remand is appropriate under both sentence four and sentence six of § 405(g). (Doc. 17 at 1). The Court considers each argument in turn.

### A.   Sentence-Four Remand

Weddington first argues that the Court should remand this case under sentence four of § 405(g). (Doc. 13 at 2). She reasons that the Appeals Council failed to consider the evidence from the Marshall Medical Center and Dr. Savage or, alternatively, that the Council erroneously denied review based on this evidence. *Id.* at 17. Generally, a claimant may present additional evidence at each stage of the administrative process. *Douglas v. Comm'r of Soc. Sec.*, 764 F. App'x 862, 862 (11th Cir. 2019) (per curiam). When considering a claimant's request for review, the Appeals Council must consider any additional evidence submitted by the claimant to determine whether the evidence is new, material, and chronologically relevant. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014).

Under Eleventh Circuit precedent, evidence is new only when it is noncumulative of the evidence before the ALJ. *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821 (11th Cir. 2015) (per curiam). Evidence is material

if it creates a reasonable probability of changing the ALJ's decision. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). And evidence is chronologically relevant when it "relates to the period on or before" the date of the ALJ's decision. *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 692 (11th Cir. 2020) (per curium) (quoting 20 C.F.R. § 404.970(b)). The Appeals Council must grant review when a claimant's additional evidence meets these standards. 20 C.F.R § 416.1470(a)(5).

Legal error occurs and remand is appropriate where the Appeals Council denies review without considering whether additional evidence is new, material, and chronologically relevant. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (per curiam). But no error occurs if the Appeals Council adds additional evidence to the administrative record, considers the evidence, and then denies review. *Mitchell*, 771 F.3d at 784.[6] Finally, when the Appeals Council denies review after considering additional evidence, remand is appropriate only if the evidence "renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

Against this backdrop, Weddington's arguments are meritless. First, the Appeals Council did not fail to consider the evidence from the Marshall Medical Center and Dr. Savage. The Marshal Medical Center's MRI report, Dr. Savage's

---

[6] *See also Holder v. Soc. Sec. Admin.*, 771 F. App'x 896, 901 (11th Cir. 2019) (per curiam); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 935 (11th Cir. 2015) (per curiam); *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 853 (11th Cir. 2015).

mental health source statement, and Dr. Savage's physical capacities form are in the administrative record. (Tr. at 21–24). The Appeals Council explicitly noted that it considered this evidence when denying Weddington's request for review. *Id.* at 2. Thus, the Appeals Council did not fail to consider the evidence from the Marshall Medical Center and Dr. Savage.

Second, the Appeals Council did not erroneously deny Weddington's request for review based on the evidence from the Marshall Medical Center and Dr. Savage. The MRI report from the Marshall Medical Center—showing broad-based disc bulges and varying degrees of stenosis in Weddington's L2-L3, L3-L4, L4-L5, and L5-S1 vertebrae—is cumulative of the four other MRIs before the ALJ showing the same medical conditions in the same vertebrae. *Compare id.* at 23–24, *with id.* at 381, 459–60, 469, 480.

Separately, Dr. Savage's mental health source statement and physical capacities form consist almost entirely of unexplained and unjustified responses to prewritten questions. *Id.* at 21–22. Neither the statement nor the form renders the ALJ's decision erroneous. Accordingly, the Appeals Council did not erroneously deny Weddington's request for review based on the evidence from the Marshall Medical Center and Dr. Savage. Weddington's arguments therefore fail.

### B.     Sentence-Six Remand

Weddington next argues that the Court should remand this case under sentence six of 42 U.S.C. § 405(g). (Doc. 17 at 3).[7] She reasons that sentence-six remand is appropriate based on the evidence from the Marshall Medical Center and Dr. Savage in conjunction with her benefits verification letter. *Id.* Sentence-six remand is appropriate when a claimant establishes that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Under the first requirement, evidence considered by the Appeals Council and contained in the administrative record cannot justify a sentence-six remand. *E.g., Gordon v. Soc. Sec. Admin., Com'r*, 625 F. App'x 512, 514 (11th Cir. 2015) (per curiam); *Ingram*, 496 F.3d at 1269; *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 744 (11th Cir. 2008) (per curiam). Nor can a subsequent benefits determination—standing alone—justify a sentence-six remand. *E.g., Reeves v. Comm'r, Soc. Sec. Admin.*, 817 F. App'x 898, 901 (11th Cir. 2020) (per curiam); *Arnold v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 772, 783 (11th Cir. 2018) (per curiam); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015).

---

[7] Weddington makes this argument in her separate motion to remand. (Doc. 17 at 3).

In this case, Weddington has failed to present any evidence that could possibly justify remand under sentence six of § 405(g). As explained *supra* Section III.A, the evidence from the Marshall Medical Center and Dr. Savage is in the administrative record, and the Appeals Council considered this evidence when denying Weddington's request for review. (Tr. at 2, 21–24). Accordingly, this evidence does not justify remand under six of § 405(g). That leaves Weddington's notice of benefits letter, which alone cannot justify a sentence-six remand. Thus, Weddington has failed to show that the Court should remand this case under sentence six of § 405(g).

## IV.   CONCLUSION

Because Weddington has not shown any error in the Commissioner's decision or established that remand is appropriate, the Court **DENIES** Weddington's motion to remand (Doc. 17) and **AFFIRMS** the Commissioner's decision below.

**DONE** and **ORDERED** November 18, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE